UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    – against –

IZZADINE TRIBBLE,

           Defendant.

---

07-CR-232

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On July 9, 2010, Izzadine Tribble was convicted by jury verdict of Counts One and Two of a three-count superseding indictment. Count One charged that between February 1 and February 21, 2007 defendant, together with others, conspired to rob a drug trafficker in Queens, New York, in violation of 18 U.S.C. § 1951(a). Count Two charged that on February 21, 2007 defendant, together with others, possessed a firearm in relation to the crime of violence specified in Count One, and possessed a firearm in furtherance of said crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Tribble was sentenced on May 14, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 20 and defendant's criminal history category to be category IV, yielding a guidelines range of imprisonment of between 51 and 63 months on Count One, and a mandatory consecutive term of imprisonment of 5 years on Count Two. The offense carried a maximum term of imprisonment of 20 years with respect to Count One. 18 U.S.C. § 1951(a). The offense carried and a minimum term of imprisonment of 5 years, consecutive to any other term of imprisonment, with respect to Count Two. 18 U.S.C. § 924(c)(1)(A)(i). The guidelines range of fine was from $7,500 to $75,000.

Tribble was sentenced to 18 months' incarceration on Count One and 5 years' incarceration on Count Two, for a total term of incarceration of 78 consecutive months, and to 3 years' supervised release. A $200 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The charged offenses of conspiracy to rob a drug trafficker and possession of a firearm in furtherance of the conspiracy are serious. The presence of a firearm in connection with the contemplated robbery meant that participants and bystanders were at great risk of being wounded or killed. Defendant is highly intelligent and well-spoken, and should have been in a position to lead a successful life of which his parents could have been proud. He has strong ties to his supportive family. A sentence of 78 months' incarceration and 3 years' supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in violent crime, and related possession of firearms, will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his strong relationships with supportive family members.

Jack B. Weinstein
Senior United States District Judge

Dated: May 18, 2010
      Brooklyn, New York

3